Filed 9/23/25  P. v. Singleterry CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOHN MICHAEL SINGLETERRY,<br><br>    Defendant and Appellant. | G063730<br><br>(Super. Ct. No. 09WF1165)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Andre Manssourian, Judge. Vacated and remanded with directions.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and James Spradley, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant John Michael Singleterry appeals an order denying his petition for resentencing under Penal Code section 1172.75.[1] The dispositive issue is whether Singleterry is currently serving a sentence for which relief is available under the statute. Because that issue did not arise until this appeal was filed, the trial court has not had the opportunity to consider it in the first instance. We therefore vacate the court's order and remand for further proceedings.

PROCEDURAL BACKGROUND

I.

TRIAL COURT PROCEEDINGS

In 2012, Singleterry pleaded guilty to robbery, unlawfully possessing a firearm as a felon, and resisting arrest, along with attendant firearm allegations. He also admitted having served three prior prison terms within the meaning of section 667.5, subdivision (b) (section 667.5(b)), which were based on his commission of nonviolent felonies in earlier cases.

The trial court sentenced Singleterry to 12 years in prison. In so doing, the court imposed a one-year term for each of the section 667.5(b) enhancements, but it then struck that punishment for purposes of sentencing. Those enhancements are not listed in the abstract of judgment.

In 2023, Singleterry petitioned the trial court to recall his sentence and resentence him pursuant to section 1172.75, which retroactively limited the applicability of section 667.5(b) to only prior prison terms that were served for sexually violent offenses. (Stats. 2019, ch. 590, § 1.) However, because Singleterry's punishment for his section 667.5(b) enhancements was

_____

[1] All further statutory references are to the Penal Code.

stricken, the court determined he was ineligible for relief and denied his petition. Singleterry timely appealed that order.

## II.

### APPELLATE PROCEEDINGS

On appeal, Singleterry's appointed attorney filed a brief stating she was unable to find any arguable claims to raise on Singleterry's behalf. (See *People v. Delgadillo* (2022) 14 Cal.5th 216.) But after independently reviewing the record, we ordered the parties to file briefing on *People v. Rhodius* (2025) 17 Cal.5th 1050 (*Rhodius*), which held section 1172.75 applies to now-invalid section 667.5(b) enhancements that were stayed, and *People v. Espino* (2024) 104 Cal.App.5th 188, review granted Oct. 23, 2024, S286987, which held section 1172.75 applies to such enhancements that were stricken.

In conjunction with his opening brief, Singleterry requested that we judicially notice documents showing he has suffered two convictions while incarcerated. We granted the request because those documents have potential bearing on Singleterry's right to resentencing under section 1172.75. They show Singleterry was convicted in Kern County Superior Court of committing multiple crimes while incarcerated, leading to judgments in 2014 and 2017. In each case, the court ordered Singleterry's sentence to run consecutively to his previous sentences.

### DISCUSSION

Before 2020, section 667.5(b) "required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379–380.) Effective January 1, 2020, section 667.5 was amended "by limiting the prior prison term enhancement to only prior terms for sexually

3

violent offenses. [Citations.] Enhancements based on prior prison terms served for other offenses became legally invalid." (*People v. Burgess,* at p. 380.)

Those changes were made retroactive through the passage of subsequent legislation, including section 1172.75. (*People v. Monroe* (2022) 85 Cal.App.5th 393, 399.) The statute declares that any prior prison term enhancement that was imposed for a nonsexually violent offense before 2020 is legally invalid. (§ 1172.75, subd. (a).) It also provides a mechanism for resentencing defendants who are "currently serving a term for a judgment that includes" such an enhancement. (*Id*., subd. (b).)

Based on the language and legislative history of section 1172.75, *Rhodius* determined the statute applies when the defendant's section 667.5(b) enhancements were imposed but their punishment was stayed. (*Rhodius, supra,* 17 Cal.5th at pp. 1057–1068.) The parties agree the reasoning of *Rhodius* applies equally here, where the defendant's section 667.5(b) enhancements were imposed but their punishment was stricken. So do we. (See *People v. Cota* (2025) 112 Cal.App.5th 1118 [the considerations discussed in *Rhodius* support resentencing under such circumstances].)

However, under section 1172.75, resentencing is limited to defendants who are currently serving a prison term for a judgment that includes a section 667.5(b) enhancement. In light of Singleterry's in-prison crimes, the parties dispute whether he is such a defendant. That issue was never raised or considered in the trial court. In fact, it does not appear the trial court was even aware of Singleterry's in-prison crimes when it denied his petition for resentencing. Therefore, we vacate the trial court's denial order and direct the court to consider that issue in the first instance.

4

On remand, the trial court may also consider any other arguments or issues bearing on Singleterry's eligibility for resentencing under section 1172.75. We express no opinion on that issue.

Lastly, as to the record in this case, the trial court shall correct the abstract of judgment to properly reflect the trial court's sentencing decision, which was to impose but strike Singleterry's punishment for the three section 667.5(b) enhancements he admitted. (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385 ["Where there is a discrepancy between the oral pronouncement of judgment and . . . the abstract of judgment, the oral pronouncement controls"].)

## DISPOSITION

The trial court's postjudgment order denying Singleterry's petition for resentencing is vacated, and the matter is remanded for further proceedings consistent with this opinion.


GOODING, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


SANCHEZ, J.